**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

ERICA MOSBY,                                          Case No. 1:13-cv-294

                Plaintiff,                              Weber, J.
v.                                                          Bowman, M.J.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

**REPORT AND RECOMMENDATION**

On May 3, 2013, Plaintiff tendered a *pro se* complaint in this court seeking to appeal a decision of the Commissioner of Social Security under the Social Security Act. Plaintiff's motion to proceed *in forma pauperis* was granted and, on September 27, 2013, the Commissioner filed and served its answer and a certified copy of the administrative record. Plaintiff failed to file a timely Statement of Errors. Because Plaintiff has failed to comply with an Order directing her to Show Cause for her failure to file a Statement of Errors, and because mail addressed to Plaintiff's last known address has been returned to this Court as unclaimed, the undersigned now recommends dismissal of Plaintiff's complaint for failure to prosecute.

       **I.      Background**

Plaintiff proceeds *pro se* in this Court, but the administrative record reflects that Plaintiff was previously represented by counsel in two separate administrative hearings before two different Administrative Law Judges, conducted in April 2010 and March 2012. Plaintiff's former attorney filed a Notice of Appeal to the Appeals Council, (Tr. 7), which denied further review, leaving the ALJ's decision as the Commissioner's last

decision.

Plaintiff has not sought the appointment of new counsel in this Court. Plaintiff's complaint indicates only that she seeks to appeal the denial of benefits; the grounds for that appeal are not stated. Plaintiff's prior DIB and SSI applications reflect that she sought a determination of disability at the age of 33 based primarily upon a number of mental impairments. The ALJ determined that Plaintiff has a limited education and suffers from depression and anxiety, but determined that the Plaintiff remained capable of performing a full exertional range of work, despite a number of non-exertional limitations. (Tr. 15-16). Even though Plaintiff could not perform her past relevant work, after hearing testimony from a vocational expert, the ALJ determined that Plaintiff was not under a disability because she remained capable of performing other work that exists in significant numbers in the national economy. (Tr. 21-22).

**II.  Analysis**

Pursuant to the General Order of this Court, a social security claimant who files a judicial appeal must explain the basis for her appeal by filing a Statement of Errors within forty-five (45) days of the date that the Commissioner files the administrative record. By the time that the undersigned filed a "Show Cause" order on February 21, 2014, the deadline for Plaintiff to file her Statement of Errors had expired by more than three months. However, because Plaintiff proceeds *pro se,* has a limited education and severe mental impairments, the Court expressly recognized, in its "Show Cause" order, "that Plaintiff may not be fully aware of her obligations to comply with the procedures that govern Social Security appeals in this Court, including her obligation to timely file a 'Statement of Errors' within forty-five (45) days of service of the answer and administrative record." (Doc. 11 at 2). The Court further acknowledged:

> It is also possible that Plaintiff is unaware that she may seek the appointment of counsel to represent her without payment of any fee by her. Such appointments are limited, but are occasionally made in cases in which a *pro se* claimant asks for counsel. Due to the sensitivity of the records involved, this Court will not seek to appoint counsel on Plaintiff's behalf without receipt of a request by her. Such a request must include permission for this Court to share her sensitive records with a Panel of Attorneys for Pro Se Social Security Disability/SSI Appeals, who have indicated a willingness to represent indigent social security plaintiffs. Appointment of counsel is not guaranteed as there is no constitutional right to counsel for civil litigants. Plaintiff retains the right **not** to request the appointment of counsel on her behalf, and may instead continue to proceed by representing herself.

(*Id.*). Despite Plaintiff's potential lack of prior knowledge of her obligation to file a Statement of Errors or the process by which she might seek the representation of counsel in this Court, the Court clearly advised Plaintiff of her rights and obligations, and issued this warning:

> Regardless of whether Plaintiff continues to represent herself or seeks the appointment of counsel, someone must file a Statement of Errors on Plaintiff's behalf in the very near future. If the overdue Statement is not filed in accordance with this Order, Plaintiff's lawsuit may be dismissed for failure to prosecute.

(Doc. 11 at 3).

The Court expressly ordered Plaintiff to "keep the Court apprised of her current address," and to "'SHOW CAUSE' for her failure to file her 'Statement of Errors' by filing the overdue Statement of Errors in compliance with the Magistrate Judges' General Order, not later than **March 20, 2014**." (Doc. 11 at 4). In addition, the Court instructed Plaintiff that if she "would like the assistance of this Court in obtaining counsel to file the overdue Statement on her behalf, she must file **on or before March 5, 2014** a Motion Seeking the Appointment of Counsel from the District Court's Referral Panel of Attorneys for Pro Se Social Security Disability/SSI Appeals." (*Id.*). Last, the Court explained that Plaintiff's failure to keep the Court apprised of her address, or a failure to

3

file either the overdue Statement of Errors or a motion seeking the appointment of counsel by the stated deadlines, would result in a recommendation that Plaintiff's lawsuit be dismissed.

Unfortunately, the "Show Cause" Order mailed to Plaintiff was returned as "undeliverable" when mailed to the address provided by Plaintiff when she filed her complaint. (Doc. 12). Plaintiff obviously has failed to comply with one of the essential requirements of being a litigant in this Court - keeping the Court apprised of her current address. Without such basic information, this litigation cannot proceed. In addition, Plaintiff has failed to seek the assistance of counsel on her behalf, and has filed to file the months-overdue Statement of Errors that is required to move this case forward. For all of these reasons, the undersigned has no recourse but to recommend that Plaintiff's case be dismissed for failure to prosecute.

### III. Conclusion and Recommendation

Accordingly, for the reasons stated, **IT IS RECOMMENDED THAT** this case be dismissed with prejudice for failure to prosecute, and closed.

> *s/ Stephanie K. Bowman*
> Stephanie K. Bowman
> United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

ERICA MOSBY,	Case No. 1:13-cv-294

      Plaintiff,	Weber, J.
v.	Bowman, M.J.

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).